IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. BJORLIN,

      Plaintiff,                      No. CIV S-10-1825 WBS EFB P

      vs.

M.D. MCDONALD, et al.,

      Defendants.                <u>ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

On July 15, 2010, plaintiff filed a complaint, initiating this action. Dckt. No. 1. The court's own records reveal that on October 22, 2009, plaintiff filed another complaint in this district, which contained virtually identical allegations to the complaint filed in this action, except for pages eight through ten, which concern events allegedly occurring after October 22, 2009. *See Bjorlin v. Hubbard*, No. Civ. S-09-1793 GEB GGH Dckt. Nos. 1 (June 29, 2009 original complaint), 12 (October 22, 2009 amended complaint).[1] To the extent that the instant complaint is duplicative of the complaint in the earlier filed action, it is dismissed. *See* 28 U.S.C. § 1915A(b)(1); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915). However, plaintiff will be given leave to amend to file a complaint raising those allegations that go beyond the allegations and relief sought in the first action, i.e., those alleged in pages eight through ten of the instant complaint, and occurring after October 22, 2009.

Any amended complaint must also adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

1  The allegations must be short and plain, simple and direct and describe the relief plaintiff
2 seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*
3 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,
4 including many defendants with unexplained, tenuous or implausible connection to the alleged
5 constitutional injury or joining a series of unrelated claims against many defendants very likely
6 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing
7 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of
8 these instructions.

9  Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended
10 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his
11 allegations and that for violation of this rule the court may impose sanctions sufficient to deter
12 repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13  A prisoner may bring no § 1983 action until he has exhausted such administrative
14 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
15 *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his
16 claims are warranted by existing law, including the law that he exhaust administrative remedies,
17 and that for violation of this rule plaintiff risks dismissal of his entire action

18  Accordingly, the court hereby orders that:

19  1. Plaintiff's request to proceed in forma pauperis is granted.

20  2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
21 accordance with the notice to the Director of the California Department of Corrections and
22 Rehabilitation filed concurrently herewith.

23  3. The complaint is dismissed with leave to amend within 30 days.  The amended
24 complaint must bear the docket number assigned to this case and be titled "First Amended
25 ////
26 ////

4

1  Complaint." Failure to comply with this order will result in a recommendation that this action be
2  dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will
3  proceed with service of process by the United States Marshal.
4  Dated: December 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE