IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. BJORLIN,

   Plaintiff,      No. CIV S-10-1825 WBS EFB P

 vs.

M.D. MCDONALD, et al.,

   Defendants.    <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1). On December 10, 2010, the court screened plaintiff's original complaint, dismissed it with leave to amend and granted plaintiff thirty days to file an amended complaint. When plaintiff failed to timely comply, the undersigned recommended the case be dismissed for failure to prosecute. Dckt. No. 11. Plaintiff filed objections on February 7, 2011, Dckt. No. 12, and an amended complaint on March 4, 2011, Dckt. No. 14. Good cause appearing, the court vacates the January 31, 2011 findings and recommendations and screens plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915.

////

////

1

For the reasons stated below, the amended complaint is dismissed as frivolous, for failure to state a claim, and for violating Rule 8 of the Federal Rules of Civil Procedure. The court will grant plaintiff one final opportunity to amend his complaint.

**I.     Background**

The court granted plaintiff leave to proceed *in forma pauperis* on December 10, 2010, and dismissed the original complaint with leave to amend. Dckt. No. 8. That order explained that pursuant to 28 U.S.C. § 1915A(a), the court is directed to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

The court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because it contained virtually identical allegations to a complaint plaintiff filed in an earlier lawsuit. Dckt. No. 8 (referring to *Bjorlin v. Hubbard*, No. Civ. S-09-1793 GEB GGH Dckt. Nos. 1 (June 29, 2009 original complaint), 12 (October 22, 2009 amended complaint)); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915)). The court granted plaintiff leave to file an amended complaint that was not duplicative of the earlier action, in that it should only include the allegations pertaining to events allegedly occurring after October 22, 2009.

**II.    Amended Complaint**

The amended complaint suffers from the same defect as plaintiff's original complaint. Despite the court's previous admonishment, plaintiff's amended complaint does not materially differ from the original complaint. It appears that plaintiff made no attempt to comply with the court's original screening order. The allegations in the amended complaint are basically identical to those raised in plaintiff's earlier filed action, and thus, remain duplicative and frivolous.

2

The amended complaint also violates Rule 8 of the Federal Rules of Civil Procedure. Plaintiff appears to have submitted three slightly different, hand-written versions of the same complaint. Rule 8 of requires a complaint to include "a short and plain statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Each averment of a pleading must be simple, concise, and direct. Even where the factual elements of the causes of action are present, but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Moreover, the allegations in the amended complaint regarding events alleged to have occurred after October 22, 2009, fail to state a claim upon which relief can be granted. Plaintiff alleges that defendant Dharlingue failed to properly investigate plaintiff's claims of being sexually assaulted in connection with an October 29, 2009 hearing on a Rules Violation Report issued because of plaintiff's refusal to accept a cellmate.

Plaintiff alleges Dharlingue, the hearing officer, violated his equal protection and due process rights. To state a claim for a violation of the equal protection clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976). The court can conceive of no basis for an equal protection claim based on plaintiff's allegations.

Nor do the allegations state a cognizable due process claim. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* In a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance

written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).  Where an inmate is illiterate or the facts of the case are complex, he may be entitled to seek the aid of a fellow inmate or staff. *Wolff*, 418 U.S. at 570.

Plaintiff does not allege that the rules violation hearing affected any liberty interest or that the disciplinary decision was not supported by some evidence.  Nor does plaintiff allege that any of the *Wolff* guarantees, discussed above, were not met.  To the extent plaintiff claims he was entitled to staff assistance in investigating his claim of sexual assault, that claim must also fail because plaintiff's allegations do not suggest he was entitled to such assistance.

### III.     Final Opportunity to Amend

The court will grant plaintiff a final opportunity to amend to attempt to cure the deficiencies identified in this order, as well as in the court's previous screening order.  That means plaintiff must omit all duplicative and frivolous allegations and focus solely on his claim(s) pertaining to defendant Dharlingue and the October 29, 2009 Rules Violation Hearing.

Plaintiff is hereby warned that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

////

////

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, the court hereby ORDERS that:

1. The January 31, 2011 findings and recommendations, Dckt. No. 11, are vacated; and

2. The amended complaint is dismissed, with leave to amend within 30 days. The second amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation that this action be dismissed as frivolous and for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: May 2, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5